-Chief Justioo Bibb
delivered the Opinion of the Court.
The Bank of Kentucky sued a writ in debt, against Stapp, Johnson and Massie, which was returned as to all three, no inhabitants of tbe county; an alias was returned executed on Johnson, and as to the other two, no inhabitants of the county.
The plaintiff’s declaration, filed before the writ issued, declared against Stapp, as the maker of a promissory note to Johnson; against Johnson, as the endorser thereof, to the other defendant, Massie, and against him as the endorser thereof, to the Bank; that the note had been actually discounted at Bank, according to its negotiable quality therein expressed; that it had been protested, that due notice of the protest had been given, and therefore demanded of the drawer and indorsers the debt of $500 only, without interest or charges of protest.
E Upon the return of the alias capias, the plaintiff abated as to Stapp, the drawer, and Massie, the last endorser, and took judgment by default against Johnson for $500, the principal sum expressed in the note, and for forty-one dollars sixty-six cents assessed, by way of damages, upon a writ of inquiry, besides costs. The note fell due 29tb June, 1821; the inquiry was executed, 34th October/ 1822; so that the sum assessed by the jury, is equal to the interest, at the rate of six per cent, and costs allowed by law in cases of protest.
The defendant, after the inquisition taken, and at the same term, moved to set it aside, and made affidavit of a substantial defence on the merits, and of an excuse for not coming sooner, which need not be farther noticed; the court refused to set aside the judgment by default and permit the defence.
Statute giving the joint action oi'debt against the parties to bills of exchange.
At common law, the parties to a bill could not be sued jointly.
Peclaration, under the statute, against the drawer and endorsers of a bill of exchange, must demand the interest and ecsts of protest, otherwise it is insufficient.
The attempt was to pursue a statutory remedy, given to the Bank, upon notes there payable and negotiable on their face, and actually discounted, as in cases of foreign bills of exchange, except as to the damages.
This remedy given by statute upon foreign bills qf exchange, is by ^action of debt, for principal, interest and charges of protest, against the drawers and endorsers jointly, or against either of them separately, and judgment shall and may be given for such princpal, charges and interest,” to the time of such j udgment, and legal interest, on the sum recovered, until satisfied. (Act of 1798, 1 Dig. 192, sect. 2 — act of 1819, 1 Digest 194.)
The declaration has not demanded the interest nor charges of protest; yet both have been taken as damages. The declaration is, therefore, on its face, insufficient. At common law, no suit can be maintained jointly against the maker and endorsers of a promissory note, but only against them separately. By the law merchant, tlie remedy attempted here will not lie,
The statute alone authorizes the joint action a~ gainst these several parties, upon their several undertakings; and the statutory remedy has not beep, pursued. This question .is not now for the first time to be adjudicated; it was settled by the weighty authority of the supreme court of the United States, in an opinion drawn by the chief justice, in Wilson vs. Lenox and al. (1 Cranch. 211.) The declaration here, is more detective, than in that case. This declaration totally omits to demand the interest or the charges which he has recovered by his judgment, and has, by this omission, departed in the declaration and in the judgment from the action, and the judgment, as given by the statute. The opinion referred to, is full and explicit, upon the insufficiency and illegality of the proceeding as had in this case. “The charges of protest, constitute an essential part of the debt, and, the declaration would not pursue the act, if those charges should be omitted,”-as the court saicl. in that case. In this, the in-. *121 jierest and charges, constitute an essential part, and the declaration having omitted them is insufficient.
where both the writ and neithercair^ be amended,
Hoggin and Loughborough, for plaintiff; Crittenden, for defendant.
As the declaration upon its face is bad, the ment, against the two defendants cannot cure it; according to the principle of the case of Rowan vs. Woodward, [2 Marsh. 140.)
As the declaration is bad, the writ cannot be amended by it; nor can the writ be amended by the declaration. The defect is in both. With the text of the statute, and the commentary of the supreme court, both against him, the plaintiff must submit to begin anew.
It is therefore considered by the court, that the judgment be reversed, and the cause remanded with directions to the circuit court to dismiss the suit, with costs.
Plaintiff to recover his costs in this court.